1810.

Adams
vs
Brereton

The cause was argued before BUCHANAN, NICHOLSON, GANTT, and EARLE, J. by

*Bullitt* and *W. B. Martin*, for the Appellant; and by *J. Bayly* and *Whittington*, for the Appellee.

JUDGMENT AFFIRMED.

The plaintiff located his claim and pretensions for *The Conclusion of Morehuss*, beginning at black G, the first bounder of the original tract, then with black lines and figures 1, 2, 3, 4, 5, &c. to G.

The defendant took defence for *Red Land*, beginning at black A, then to black B, F, E to A.

---

DEC. (E. S.)

ADAMS vs. BRERETON.

In an action of waste the plaintiff offered in evidence a writ of *ad quod damnum*, under which the defendant claimed, an inquisition thereon, and a lease for 80 years, granted in pursuance thereof, for 20 acres of land, particularly described, as being condemned for building a water mill, dated in 1763. He also proved, that the land described on the plots in the cause was, at the time of the execution of the writ of *ad quod damnum*, unimproved and covered with timber and other trees; and that the defendant applied the same to other purposes than to the use or support of the mill or houses; that he grubbed and cleared the land, and put it in cultivation, by planting corn;—*Held*, that the plaintiff was not entitled to recover; that the defendant was not guilty of the waste complained of, but was justifiable, under the writ of *ad quod damnum*, and the grant made in virtue of the same, in clearing and cultivating the land

APPEAL from *Somerset* County Court. This was an action of *waste*, brought by the appellee against the appellant —Plea *no waste*, &c. At the trial the plaintiff below offered in evidence a writ of *ad quod damnum*, under which the defendant claims, obtained by *John Adams*, an inquisition thereon returned by the sheriff, and a lease for 80 years, granted in pursuance thereof, for 20 acres of land,

particularly described as being condemned for building a water-mill, &c. dated the 12th of April 1763. The plaintiff then proved, that the land described on the plots in the cause was, at the time of the execution of the writ of *ad quod damnum*, unimproved, and covered with timber, and other trees, and that the defendant applied the same to other purposes than for the use or support of the mill or houses, or any thing thereunto appertaining; that he grubbed and cleared it, and put it in cultivation by planting corn and sowing wheat. On this evidence the defendant prayed the court to direct the jury, that the plaintiff ought not to recover, and that he, the defendant, was not guilty of waste, but was justifiable under the writ of *ad quod damnum*, and the grant made in pursuance of it, in clearing and using the land in the way as proved by the plaintiff. But the county court, [*Done* and *Robins*, A. J.] refused so to direct the jury, but on the contrary directed them that the plaintiff was entitled to recover; that the defendant was guilty of the waste complained of, and was not justifiable, under the writ of *ad quod damnum*, and the grant made by virtue of the same, in clearing and cultivating the land as aforesaid. The defendant excepted. Verdict and judgment for all that part of the land included within the letters, *P*, &c. wherein the waste and destruction was committed, &c. and £112 10 0 current money, damages assessed, and costs. The defendant appealed to this court.

The cause was argued at June term 1808, before TILGHMAN, BUCHANAN, NICHOLSON, and GANTT, J. by

*J. Bayly*, for the Appellant; and by

*Martin, W. B. Martin* and *Whittington*, for the Appellee.

JUDGMENT REVERSED.

## WOOD vs. REPOLD.

APPEAL from *Baltimore* County Court. This was an action of *assumpsit*. The declaration contained two

A subsequent endorser of a bill of exchange, discounted for the accommodation of the drawer, can, in an action of *assumpsit*, recover against a prior endorsor, the whole amount recovered against him by, or by him paid to, the holder of the bill.

Such prior endorser, by his endorsement and delivery of the bill to the drawer, impliedly engaged to indemnify any person who should legally come to the possession of it, in case of default on the part of the drawer or drawee.

The endorsement, and delivery of the bill, by such prior endorsor to the drawer, amounts, as to all subsequent parties, to an admission of a valid consideration; and such prior endorsor cannot set up the want of a money consideration between himself and any subsequent endorsor.